Jacob Longenbach and Isaac W. Longenbach, Administrators, Appellants, v. Stephen G. Cole and Lydia J. Cole, Appellees.

### (Not to be reported in full.)

Appeal from the Circuit Court of Shelby county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 21, 1916.

### Statement of the Case.

Bill by Jacob Longenbach and Isaac W. Longenbach, administrators of the estate of Isaac Longenbach, deceased, complainants, against Stephen G. Cole and Lydia J. Cole, defendants, to foreclose a mortgage securing a promissory note held by the deceased. From a decree for defendants, complainants appeal.

WILLIAM H. CRAIG and GEORGE B. RHOADS, for appellants.

A. J. STEIDLEY and J. E. CROCKETT, for appellees.

MR. JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. Limitation of actions, § 103*—*necessity of alleging matter to prevent running of statute.* A bill to foreclose a mortgage securing a note, which shows on its face that it is barred by the statute of limitations, must, where the statute is relied on as a defense, show either by original averment or by amendment some fact that will prevent the running of the statute.

2. Mortgages, § 503*—*when evidence insufficient to show insanity of mortgagor.* In a suit by administrators to foreclose a mortgage securing a note held by the intestate, evidence *held* to justify a finding that the intestate was not insane as averred by the complainants in their replication to a plea of the statute of limitations.

3. Appeal and error, § 1775*—*when cause not reversed and remanded to permit amendments to bill.* Where, in a suit to foreclose a mortgage securing a note in which the statute of limitations was set up as a defense, the evidence introduced to show payment on the note was incompetent to support a decree for the complainants, *held* that the cause would not be reversed and remanded so as to permit proper averments to be made in order to make the bill correspond with the proof, though no objection to such incompetent evidence was raised on the trial.